IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ALMA D. JAMES,                         :

        Plaintiff,                     :

vs.                                    :
                                           CIVIL ACTION 08-0259-M
MICHAEL J. ASTRUE,                     :
Commissioner of
Social Security,                       :

        Defendant.                     :


<u>MEMORANDUM OPINION AND ORDER</u>


        In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks

judicial review of an adverse social security ruling which denied

a claim for Supplemental Security Income (hereinafter *SSI*).  The

parties filed written consent and this action has been referred

to the undersigned Magistrate Judge to conduct all proceedings

and order the entry of judgment in accordance with 28 U.S.C. §

636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was

heard on January 26, 2009.  Upon consideration of the

administrative record, the memoranda of the parties, and oral

argument, it is **ORDERED** that the decision of the Commissioner be

**REVERSED** and that this action be **REMANDED** for further action not

inconsistent with the Orders of this Court.

        This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.
1983), which must be supported by substantial evidence.  *Richard-
son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evi-
dence test requires "that the decision under review be supported
by evidence sufficient to justify a reasoning mind in accepting
it; it is more than a scintilla, but less than a preponderance."
*Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting
Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time her disability allegedly began, Plaintiff was
fifty years old, had completed a high school education, and had
no relevant previous work experience (Doc. 13 Fact Sheet).  In
claiming benefits, Plaintiff alleges disability due to carpal
tunnel syndrome and depression (Doc. 13 Fact Sheet).

The Plaintiff filed a protective application for SSI on June
29, 2000 (Tr. 85-88).  Benefits were denied following a hearing
by an Administrative Law Judge (ALJ) who determined that James
could perform a reduced range of light work (Tr. 301-15). On
review, the Appeals Council remanded the action back to the ALJ
for further consideration of her mental impairments and her
residual functional capacity (Tr. 325-29).[1]  On remand, the ALJ
issued another unfavorable decision, this time determining that

---

[1]Plaintiff filed a second SSI application on March 13, 2002 which
has since been granted.  Therefore, the period of time to be
considered, by the ALJ and this Court, runs between June 29, 2000 and
February 28, 2002 (Doc. 13, p. 1 n.1).

James could perform her medium work and her previous relevant work as a home health aide (Tr. 21-36).  On review, the Appeals Council determined that James had no past relevant work, that she could perform a reduced range of medium exertional work, and that there were a significant number of jobs which she could perform (Tr. 7-12).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, James alleges that the Appeals Council committed reversible error in applying the GRID in determining that she was not disabled (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).

The Appeals Council found that Plaintiff had no previous relevant work experience.  Once it was determined that the Plaintiff was incapable of performing her past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy.  *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975).  "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."  *Cowart*, 662 F.2d at 736.  While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence."  *Id.*

3

"A general finding that a claimant is able to perform the requirements of [medium] work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work." *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at 736.

On this basis alone, the Appeals Council's decision is flawed. However, the Court also notes that the Appeals Council made the following determination:

> 7.  If the claimant had the capacity to perform the full range of the medium exertional level, 20 C.F.R. 416.969 and Rule 203.18 of 20 C.F.R. Part 404, Subpart P, Appendix 2, would direct a conclusion of not disabled.  Although the claimant's exertional and nonexertional impairments do not allow her to perform the full range of the medium exertional level, using the above-cited Rule as a framework for decisionmaking, there are a significant number of jobs in the national economy which she could perform.

(Tr. 11).  By its own finding, Plaintiff cannot perform a full range of medium exertional work which is all the more reason why a vocational expert should be called to testify as to what work James can perform in spite of her impairments.  Although a Vocational Expert testified at the hearing before the ALJ, he answered no questions regarding a reduced range of medium exertion work (*see* Tr. 550-54).  The Appeals Council's reliance on the Grid, even as a "framework for decisionmaking," in this

instance is wrong.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of vocational evidence as to what work Plaintiff could perform in spite of her impairments. Judgment will be entered by separate Order.

DONE this 26th day of January, 2009.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE